UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard Glen Jackson, Jr., | File No. 18-cv-01073 (ECT/SER) |
| Plaintiff, | |
| v. | |
| Chief Todd Axtell, St. Paul Police Chief; Agent Drew Evans, Superintendent at Bureau of Criminal Apprehension; and Mark Elliott, Supervisor for Predatory Probation Officers, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Plaintiff Howard Glen Jackson, Jr. ("Jackson") filed this lawsuit pro se. Giving him the benefit of the doubt, Jackson asserts two claims. First, he seeks relief under 42 U.S.C. § 1983 from a condition or conditions of release imposed upon him as the result of a Minnesota state-court conviction. Second, he seeks relief for injuries stemming from an allegedly improper disclosure of information regarding that conviction, though he does not specify the law that is the source of this claim. Jackson filed his original complaint on April 23, 2018. ECF No. 1. In response to an order identifying deficiencies with Jackson's original complaint [ECF No. 5], Jackson filed an amended complaint on July 9 ("Am. Compl.") [ECF No. 6].

In a September 11, 2018 Report and Recommendation ("R&R") [ECF No. 7], Magistrate Judge Steven E. Rau recommended this action be dismissed without prejudice, Jackson's application to proceed *in forma pauperis* ("IFP") [ECF No. 3] be denied, and Jackson's "Motion To Move Ahead faster" [ECF No. 4] be denied as moot. In a nutshell,

Magistrate Judge Rau concluded that a United States Supreme Court decision, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Jackson's challenge to his conditions of release; that Jackson's improper-disclosure claim lacks a federal basis; and that it would be improper for the Court to exercise supplemental jurisdiction over any remaining state-law claims Jackson may wish to assert. R&R at 2–4. In turn, these conclusions warranted denial of Jackson's IFP application and his separate motion for a "faster" resolution. *See id.* at 4. On September 25, Jackson responded to the R&R by filing a document entitled "Motion to Consider My lawsuit, or Motion to leave do it over And Sued the State of M.N," ("September 25 Filing") [ECF No. 9], and accompanying exhibits [ECF No. 10].

> The standards governing review of the R&R are clear:
>
> Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

*Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015); *see also United States v. Gaye*, No. 14-cr-344(1) (JRT/FLN), 2015 WL 8751477, at *2 (D. Minn. Dec. 14, 2015) (recognizing that "conclusory and generic objections" to a report and

2

recommendation result in "clear error review").  When the party responding to an R&R is pro se, their documents are entitled to liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even construed liberally, Jackson's September 25 Filing and accompanying exhibits do not meet the specificity required by Fed. R. Civ. P. 72(b)(2) for objections to trigger de novo review.  The documents repeat factual allegations made in Jackson's original and amended complaints, but the R&R does not reach contrary factual findings.  Neither the filing nor the exhibits mention the R&R.  Neither contains an argument directed to the R&R's legal conclusions.  Though Jackson captions the September 25 Filing a "Motion to . . . do it over," he does not explain how he would do things over to correct the problems the R&R identified with his lawsuit.

The Court nonetheless has reviewed the R&R de novo and accepts it because its recommendations are correct under the law.  As Magistrate Judge Rau noted in the R&R, Jackson alleges that he is subject to conditions of release following his state-court conviction.  R&R at 2; *see* Am. Compl. at 2.  These conditions are described vaguely but seem to include a requirement that he register his address with law enforcement periodically or, if he were to become homeless, report to a local police station weekly.  R&R at 2 n.1; Am. Compl. at 2–3.  Jackson alleges that these conditions have been wrongfully extended due to an alleged probation violation.  Am. Compl. at 3; September 25 Filing at 2–4.  He says the conditions were set to expire originally in 2018 but now are being imposed upon him until 2024.  Am. Compl. at 3–4; September 25 Filing at 2–3.

Jackson seeks "freedom" from the conditions as well as monetary damages under 42 U.S.C. § 1983. Am. Compl. at 1, 3, 8.

In the R&R, Magistrate Judge Rau concluded that *Heck v. Humphrey* precludes Jackson from challenging his conditions of release under § 1983. R&R at 2–3. In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (footnote omitted). In other words, if a judgment in favor of a § 1983 plaintiff "would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. This has become known as the "favorable-termination rule," *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007), and in *Heck*, the Supreme Court made clear that "the principle barring collateral attacks—a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated," 512 U.S. at 490 n.10.

Jackson does not allege that his conviction or sentence meets *Heck*'s favorable-termination rule. In other words, he does not suggest that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid

4

by a state court, or called into question through federal-court habeas proceedings. Therefore, *Heck* bars his claims if the judgment Jackson seeks would necessarily imply the invalidity of his "conviction or sentence." 512 U.S. at 486. As Magistrate Judge Rau correctly concluded, Jackson's claim would necessarily imply the invalidity of his sentence. R&R at 3. Jackson alleges that the registration requirements he challenges were imposed upon him as part of the sentence[1] for his state-court conviction, *see* Am. Compl. at 2–4, and he seeks to invalidate those parts of his sentence in this suit. *Heck*, therefore, bars his claim.

It is true that courts have expressed seemingly different views regarding whether *Heck*'s favorable-termination rule applies to all § 1983 claims challenging conditions of release. *Compare, e.g.*, *Williams v. Hollaren*, No. 16-cv-552 (WMW/SER), 2017 WL 513926, at *5 (D. Minn. Jan. 11, 2017), *report and recommendation adopted,* 2017 WL 507215 (D. Minn. Feb. 7, 2017) ("[T]his Court finds that challenges to modification for conditions of supervised release are *Heck*-barred when those modifications have not been 'reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus'" (citing *Heck*, 512 U.S. at 489)), *with Shannon v. Roy*, No. 11-cv-3262 (JRT/FLN), 2012 WL 3779145 at *3 (D. Minn. Aug. 15, 2012), *report and recommendation adopted,* 2012 WL 3779212 (D. Minn. Aug. 31, 2012) ("The relief [plaintiff] seeks is removal of the conditions of house arrest, curfew, and limited contact with his fiancée from his supervised

---

[1] Conditions of release, such as Jackson's registration requirement, are widely recognized to be part of a defendant's sentence for his or her underlying conviction. *E.g. United States v. Schultz*, 845 F.3d 879, 881 (8th Cir. 2017) ("As part of the sentence, the court imposed three special conditions of supervised release . . . .").

5

release plan. This is a challenge to the conditions of his confinement, rather than to the legality or duration of his sentence.").

The Court is persuaded by those cases holding that § 1983 challenges to conditions of release imposed as part of a sentence are subject to *Heck*'s favorable-termination rule. The Supreme Court did not suggest in *Heck* that the favorable-termination rule does not apply to conditions of release. If anything, the Supreme Court seemed to suggest the opposite when it observed that "the principle barring collateral attacks . . . is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck*, 512 U.S. at 490 n.10. A contrary rule would undermine *Heck* because it would seem that "a parolee or individual on supervised release could secure complete release from custody by challenging the constitutionality of all of his parole or supervised release conditions pursuant to § 1983 or *Bivens*, and seeking invalidation of those conditions." *Hurst v. Pribe*, No. 2:14-cv-2552, 2016 WL 1444241, at *4 (S.D. Ohio Apr. 13, 2016). A contrary rule also would risk arbitrariness. It would be difficult to separate those release conditions that should be subject to the favorable-termination rule from those that should not. How, for example, does the registration requirement challenged here by Jackson differ from a requirement to wear a GPS monitor or have no contact with certain individuals such that some conditions should be subject to the favorable-termination rule and others not?

Magistrate Judge Rau also concluded and recommended that Jackson's claim related to the assertedly unlawful release of information should be dismissed without prejudice and that Jackson's application to proceed *in forma pauperis* should be denied. R&R at 3–4. Jackson asserts no discernably separate challenge to either of these

recommendations. Regardless, the Court also has reviewed these recommendations de novo and finds them to be correct.

As mentioned earlier, Jackson characterized his response to the R&R as a "Motion to Consider My lawsuit, or Motion to leave do it over And Sued the State of M.N." September 25 Filing at 1. In addition to construing Jackson's filings as objections to the R&R, the Court will construe these filings to seek leave to file a second amended complaint, and the Court will deny that motion. It is true that leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), but "[l]eave to amend generally is inappropriate . . . where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained," *Pet Quarters, Inc. v. Depository Tr. Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (citing *Wolgin v. Simon*, 722 F.2d 389, 394–95 (8th Cir. 1983)). Here, even liberally construing his filings, Jackson has not suggested how he might amend his complaint to make it viable, and the Court can identify no readily discernible path Jackson might take to achieve that end.

## ORDER

Based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. The Motion to Consider my Lawsuit [ECF No. 9], construed as Objections to the Report and Recommendation, are **OVERRULED**;

2. The Report & Recommendation [ECF No. 7] is **ACCEPTED** with the additional analysis provided in this Memorandum;

7

3. The Motion to Move Ahead Faster [ECF No. 4] is **DENIED** as moot;

4. The Application to Proceed *In Forma Pauperis* [ECF No. 3] is **DENIED**;

5. The Motion for Leave [ECF No. 9], construed as a Motion to Amend the Complaint, is **DENIED**; and

6. The Amended Complaint [ECF No. 6] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 8, 2018

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court